## 39818. WHITEHEAD v. THE STATE.

*Kimzey & Kimzey, Irwin R. Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Ben F. Carr, Solicitor General,* contra.

NICHOLS, Presiding Judge. 1. It appears that the first excerpt is taken from § 5 of the act of 1939 (Ga. L. 1939, p. 288), and was given in charge as it appears in *Code Ann.* § 42-714, while the second excerpt is taken from § 7 of such act and was given in charge as it appears in *Code Ann.* § 42-9925. Ordinarily a charge in the exact language of the law is not confusing or misleading to the jury. However, there are exceptions and "where the charge in a criminal case is so obscure or confused as not to enlighten the jury on the law of the case a new trial will result." *Thomas v. State,* 67 Ga. 767. And, as was said by Judge Powell in *Holland v. State,* 3 Ga. App. 465 (5) (60 SE 205): "The court in his instructions to the jury should be careful to guard against using abstract legal quotations and senten-

tious judicial utterances in such manner as to make them misleading under the particular circumstances of the case."

Nowhere in the charge was the jury informed as to what drugs were set forth in *Code Ann.* § 42-709 as being dangerous, nor was the jury informed as to what the provisions of §§ 42-708 to 42-716 were. The charges complained of were not explained elsewhere in the instructions and such charges as given would not enlighten the jury but would tend to be confusing. Accordingly, the trial court erred in overruling the defendant's amended motion for new trial.

2. In as much as the evidence may not be the same on another trial the general grounds of the motion for new trial are not passed upon.

*Judgment reversed. Frankum and Jordan, JJ., concur.*