S91A0107. BOWLEY v. THE STATE.
(404 SE2d 97)

BELL, Justice.

Dewey Bowley was convicted of the murder of Donald Caldwell and of motor-vehicle theft, but was acquitted of armed robbery. Bowley obtained new counsel, who filed a motion for new trial, contending, inter alia, that Bowley received ineffective assistance of counsel at trial. The trial court denied the motion for new trial, ruling that Bowley received effective assistance of counsel.[1] Bowley now appeals,

---

[1] The crimes occurred on March 11, 1987. Bowley was indicted on September 15, 1989, and was found guilty on November 8, 1989. Bowley filed a motion for new trial on December 4, 1989, and on December 18, 1989, the court reporter certified the transcript of the trial proceedings. Bowley filed an amended motion on September 10, 1990. The trial court held a hearing on the motion on September 21, and the court reporter certified the transcript of the hearing on October 5, 1990. On October 9, 1990, the trial court denied the motion. On October 16, 1991, Bowley filed a notice of appeal. The appeal was docketed in this Court on October 23, 1990, and was orally argued on January 17, 1991.

contending that the evidence was insufficient to convict him of murder; that the trial court erred in failing to charge, even absent a request, that mere presence at the scene is insufficient to make one a party to a crime; that the court erred in recharging the jury on intent and parties to the crime; that the court erred in ruling that Bowley's trial counsel rendered effective assistance; and that the court erred in failing to charge on the necessity of corroborating confessions. For the reasons that follow, we affirm.

The evidence showed that in March 1987 the victim, Donald Caldwell, picked up two hitchhikers — Bowley and Bowley's companion, Reggie Myers. According to a statement Bowley gave to the police, which was admitted into evidence at trial, the victim took Bowley and Myers to the victim's home and offered them a shower and beer before they returned to hitchhiking. After Bowley showered, he lay down on Caldwell's bed, at which time Caldwell made sexual advances to him. Myers came out of the shower at that time, and hit the victim in the head first with a large wine bottle and then with several other hard objects. The victim was still conscious after the beating. Bowley maintained he did not participate in the attack, but admitted he tore the victim's telephone out of the wall and tied the victim's legs with a cord. Bowley and Myers searched the victim's pockets and house, and stole the victim's car. Bowley and Myers took turns driving the car to New Jersey, Illinois, and Texas. In Texas Bowley and Myers parted company. Bowley took a bus to Pennsylvania, where he was subsequently arrested and extradited to Lowndes County.[2]

At trial Bowley testified and for the most part related the same story to the jury that he had earlier told the police. However, Bowley did state that Myers told him to pull the victim's telephone out of the wall, and that he (Bowley) followed Myers' instructions because he was afraid of Myers. Moreover, Bowley denied tying the victim's legs and denied telling the police officer he had done so.

1. Bowley first argues the evidence was insufficient to convict him for malice murder. However, viewing the evidence presented in the light most favorable to the state, we conclude that a rational trier of fact could have concluded beyond a reasonable doubt that Bowley was a party to the crime of murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bowley next argues the trial court erred in failing to charge the jury that mere presence at the scene of a crime is not sufficient to show that a defendant was a party to a crime. Bowley contends that "mere presence" was his sole defense, and that therefore, even absent

---

[2] Myers was tried after Bowley, and was convicted of murder, armed robbery, and motor-vehicle theft. We have affirmed Myers' appeal. *Myers v. State,* 260 Ga. 412 (395 SE2d 811) (1990).

a request, the court erred in failing to instruct on it. This contention is controlled adversely to Bowley by our decision in *Muhammad v. State*, 243 Ga. 404, 405-406 (1) (254 SE2d 356) (1979).

3. We find no merit to Bowley's contention that the trial court erred, pursuant to the request of the jury, in recharging on intent and parties to the crime.

> " 'Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested.' [Cits.]" *Shouse v. State*, 231 Ga. 716, 720 (13) (203 SE2d 537) (1974). [*Lobdell v. State*, 256 Ga. 769, 776 (13) (353 SE2d 799) (1987).]

4. Bowley next contends the trial court erred in concluding that Bowley received effective assistance of counsel. We find no error.

> [T]he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below "an objective standard of reasonableness" *and* (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 695-96 (104 SC 2052, 80 LE2d 674) (1984). [*Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988).]

Moreover, regarding counsel's performance,

> [a] fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." [Cit. omitted.] There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. See Goodpaster, The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases, 58 N. Y. U. L. Rev. 299, 343 (1983). [*Strickland*, supra, 466 U. S. at 689-690.]

Applying these standards to the instant case, we first find the evidence supports the trial court's conclusion that Bowley's trial counsel adequately investigated Bowley's case.

We next turn to Bowley's claim that his attorney was ineffective because he failed to protect Bowley's interests in that he permitted Bowley to submit to a three-hour interrogation. Bowley points out that he incriminated himself several times during the course of the statement. However, according to trial counsel, he agreed to the interrogation in the hope of obtaining some benefit for Bowley in return for information regarding Myers. At the time Bowley's counsel advised him to submit to the interrogation, the police had focused on Bowley as the prime suspect because the police had fingerprints from a beer can that matched Bowley's, and because the police did not know about Myers' involvement in the crime. Bowley's attorney testified at the motion for new trial that he agreed for Bowley to submit to the interrogation after Bowley assured him that, although Bowley was present at the time of the murder, Bowley had nothing to do with the crime. Bowley's counsel also testified that Bowley did not tell him about tying the victim's legs or pulling the telephone out of the wall before the interrogation. Trial counsel, however, did not seek to strike a deal with the state before the interrogation.

Viewing counsel's conduct in view of counsel's perspective at the time of the interrogation, we cannot conclude he rendered ineffective assistance in permitting Bowley to submit to the interrogation.

With regard to the remaining allegations of ineffectiveness, we find the evidence supports the trial court's conclusions that counsel's performance was not ineffective and that Bowley did not demonstrate prejudice resulting from the alleged deficiencies.

5. Bowley contends the trial court erred in failing to charge on OCGA § 24-3-53 regarding the corroboration of confessions. However, absent a timely request, the court did not err in failing to charge on this principle. *Mincey v. State*, 257 Ga. 500, 504 (5) (360 SE2d 578) (1987). Moreover, any error in failing to give this charge is harmless, as the "confession" was corroborated by other evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 1991 —
RECONSIDERATION DENIED JUNE 6, 1991.

*C. Richard Williams, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.