A97A2176. HERRIN v. THE STATE.
(493 SE2d 634)

BIRDSONG, Presiding Judge.

Harvey Christopher Herrin appeals his conviction of three

counts of aggravated assault and two counts of false imprisonment. He enumerates three errors. *Held*:

1. Appellant enumerates that the trial court erred in allowing the State to present similar transaction evidence because the similar transaction notice was only a "general notice." The notice identified numerous prior acts of violence but stated only general time periods during which various acts were asserted to have occurred. Appellant further contends that the State had the knowledge to make its notice more specific as to the dates of the incidents but did not do so to appellant's detriment. At trial and during the State's case-in-chief, the State made a proffer as to the nature and dates of the various prior acts of violence committed against the wife by having the wife testify under oath outside the presence of the jury. The wife was able to identify, with more specificity than given in the original notice, the dates of certain of the many violent acts committed against her; however, appellant made no attempt to elicit on the record when this information became known to the State. After the wife's testimony, appellant renewed his mistrial motion but did not request a continuance in order to prepare for any disclosures made at the hearing. Appellant has failed to demonstrate affirmatively by the record that, at the time it issued the notice of intent to introduce similar transaction evidence, the State possessed more detailed information as to the dates of the similar transactions in issue and concealed such knowledge from the defense to the harm of appellant. Both error and harm must be affirmatively shown by the record to warrant a reversal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901). This enumeration is without merit; the notice given was adequate. *Willett v. State*, 223 Ga. App. 866, 873 (3) (b) (479 SE2d 132); accord *Tidwell v. State*, 219 Ga. App. 233, 235 (2) (c) (464 SE2d 834); *Bohannon v. State*, 208 Ga. App. 576, 578 (2) (a) (431 SE2d 149).

2. Appellant asserts the trial court erred during its recharge as to the offenses of aggravated assault and battery by failing to charge the jury that a battery could be committed by use of an object, thereby taking away the jury's option of returning a verdict of guilty for the misdemeanor offense of battery. As conceded by appellant in his brief, the trial court's initial charge to the jury was proper and was not objected to by appellant. However, the jury subsequently requested a recharge as to the difference between assault and battery; in response the trial court recharged the jury on the offenses of aggravated assault and battery; part of the aggravated assault charge contained a definition of assault. Thereafter, one juror indicated that the recharge did not answer the jury's question, as "some of [the jurors] felt like that the assault was with an object," and asked whether it made "sense" that "[b]attery is by hand or foot or something without an object." After the trial judge indicated he could

not answer the question without commenting on the evidence, other than by giving the definitions of the offenses again, the juror stated that he had no difficulty understanding the definitions given. It was then stated by a juror that the question was whether "the charge of battery is from injuries caused by another person's body or person not using a weapon" or "[a]n object period." The trial court then instructed the jury to listen closely and repeated the recharge. Additionally, the trial court instructed the jury that aggravated assault was charged in Counts 1, 2, and 3; that the jury was to consider first the aggravated assault charge in each count; and if there existed a reasonable doubt as to the defendant's guilt of aggravated assault in each count, and only in that event, would the jury move to the lesser included charge of battery. The jury was returned to the deliberation room and did not thereafter request any further instructions before returning its verdict.

When the jury requests more instructions upon a particular phase of the case, the trial court is under a duty to instruct them in a plain, clear manner so as to enlighten rather than confuse them. *Kimmel v. State*, 261 Ga. 332, 334 (3) (404 SE2d 436). The trial court in its discretion may recharge the jury in full, or only upon the point or points requested. *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97). Moreover, the trial court does not have to engage in a question-and-answer session with the jury or instruct the jurors individually on how to apply the law to the facts. *Kimmel*, supra. In this case, the charges both as originally given and as repeated upon the recharge were legally sufficient and not misleading. "In determining whether the recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. [Cit.] Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." *Taylor v. State*, 195 Ga. App. 314, 315 (1) (393 SE2d 690). The charge and recharge in this case were not misleading; the charges did not imply that a battery could not be committed with an object or weapon; and the jury would not be misled as to this issue by the wording of the charge. We conclude, viewing the charges in their totality, that the recharge would not mislead a jury of average intelligence. Under the circumstances here attendant, the trial court did not commit error as enumerated.

3. Appellant contends the evidence was insufficient to sustain his conviction of the false imprisonment offenses. Both appellant's wife and child testified that appellant told them to go to the well house or hayloft and cover up with hay so the police would not see

them; appellant also told his wife not to do or say anything or he would kill her — he would fill the structure full of holes. After they entered the structure, appellant locked in his wife and child by securing the door with a nail. When securing the door, appellant told his wife and child they would die if they opened the door or came out of the structure. Appellant's child was afraid; neither appellant's wife nor child wanted to be in the structure. Although the child subsequently removed the nail and opened the door in an attempt to secure water for his injured mother, he saw approaching lights and, recalling appellant's threats, relocked the door and remained hidden under the hay. The child and his mother did not leave the structure until the police arrived. "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). This statute on its face does not require that the imprisonment be for a specific length of time; all that is required is there be an arrest, confinement or detention of the person, without legal authority, which violates the person's personal liberty (i.e., against his or her will). Compare *Mayorga v. State*, 225 Ga. App. 496 (484 SE2d 292); *Lucas v. State*, 183 Ga. App. 637, 639 (2) (360 SE2d 12). At the point when that occurs, the offense is complete notwithstanding that the victim may thereafter be left unattended with his will to escape overborne by fear, temporarily regain his personal liberty, or effect an escape. Compare *Grier v. State*, 218 Ga. App. 637 (463 SE2d 130) (left alone but will to escape overborne by fear of brutal beatings victim had sustained). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the false imprisonment offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 6, 1997.

*Thomas M. Rego*, for appellant.

*James R. Osborne, District Attorney, Cari K. Johanson, Fred A. Lane, Jr., Assistant District Attorneys*, for appellee.