Decided May 18, 2000.

*Melinda I. Ryals*, for appellant.
*Robert B. Ellis, Jr.*, District Attorney, *Timothy L. Eidson*, Assistant District Attorney, for appellee.

A00A0312. WALL v. HALL.
(534 SE2d 828)

Phipps, Judge.

Jane Wall sued Bradley Hall for claims arising out of an automobile collision. Wall appeals an adverse judgment on a jury verdict. She asserts that the trial court erred in its responses to questions from the jury, including its sua sponte recharge of the defense theory, and in failing to grant a mistrial. We find no abuse of discretion in

---

either respect and affirm the judgment.

On June 6, 1996, a vehicle driven by Hall crossed a roadway into oncoming traffic and collided with a vehicle driven by Wall. Wall sued Hall on theories of negligence and negligence per se for violating various traffic laws. Hall defended partly on a theory that he had suffered an unforeseeable "fainting spell or loss of consciousness." After the accident, Hall was diagnosed for the first time with a seizure disorder.

As part of its charge, the court instructed the jury that:

> when an operator of a motor vehicle is suddenly stricken by a fainting spell or loss of consciousness for an unforeseen reason, where there is no history of such event occurring in the past to provide notice of an existing condition, then such loss of consciousness is a defense to an action based upon negligence, which the jury may consider.[1]

After retiring to deliberate, the jury returned with the question, "Can the loss of consciousness defense overrule the rules of the road as they apply to crossing the center of the road?" The judge responded, "Ladies and gentlemen of the jury, I have read your question and I've discussed it with the attorneys, and the loss-of-consciousness defense overrule [sic] the rules of the road as they apply to the crossing of the center of the road." The judge then noted that he had the duty to make sure the jury understood the applicable law without emphasizing any particular provision of the law. Then, the judge instructed the jury that it must consider the total body of law given in the charge, that it must evaluate all the facts of the case, and that it must apply the former to the latter in making its decision. Then the court reread the instruction on the loss of consciousness defense. Immediately, one juror said, "Read it one more time," referring to the loss of consciousness instruction. The judge replied: "All right. Again, in so doing it, it's not to emphasize it, but to clarify it for you in your minds." The court reread the loss of consciousness instruction and again cautioned the jury that it must consider the totality of law and fact.

After the jury retired to continue its deliberations, Wall's counsel moved for a mistrial, asserting that the court had overemphasized the loss of consciousness defense by not repeating the remainder of

---

[1] This instruction is largely a quotation of language in *Waits v. Makowski*, 191 Ga. App. 794, 795 (1) (383 SE2d 175) (1989) and *Freeman v. Martin*, 116 Ga. App. 237, 239 (1) (156 SE2d 511) (1967). The drafter of the instruction added the language "where there is no history of such event occurring in the past to provide notice of an existing condition." The substance of the instruction is not an issue in this appeal.

the charge and that the substance of the loss of consciousness instruction was improper. The court reserved ruling on the motion. After the jury returned its verdict for the defendant, Wall's counsel renewed the motion. The court heard arguments and gave the attorneys time to supplement their arguments with letter briefs. The record does not contain a final ruling on the motion. Wall subsequently moved for a new trial, challenging the judge's comments and recharges regarding the loss of consciousness defense. The motion was denied.

1. In her first enumeration of error, Wall claims that the trial court erred by saying to the jury, "Ladies and gentlemen of the jury, I have read your question and I've discussed it with the attorneys, and the loss-of-consciousness defense overrule [sic] the rules of the road as they apply to the crossing of the center of the road." Wall argues that: (a) the jury had not asked for a recharge at that point; (b) the response left the jury with no choice but to find in favor of Hall; (c) the record does not support the judge's statement that he had discussed the matter with the attorneys; and (d) the response gave the jury the impression that both attorneys agreed with it.

(a) "When the jury requests more instructions upon a particular phase of the case, the trial court is under a duty to instruct them in a plain, clear manner so as to enlighten rather than confuse them. [Cit.]"[2] It may respond to the jury's question by repeating charges which are legally sufficient and not misleading.[3] However, it is not necessarily error for the trial court to respond to a jury's question with a direct answer.[4] Although the jury did not at first specifically request a recharge on the loss of consciousness defense, its question clearly concerned that point of law. Therefore the court was under a duty to provide some instruction aimed at enlightening the jury on the point.

(b)

In determining whether [a] recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as

[2] *Herrin v. State*, 229 Ga. App. 260, 262 (2) (493 SE2d 634) (1997).
[3] Id.
[4] See *Kimmel v. State*, 261 Ga. 332, 334-335 (3) (404 SE2d 436) (1991).

clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.[5]

At the hearing on Wall's motion for new trial, the judge explained that his initial remarks were not intended to answer the question whether the loss of consciousness defense overruled traffic rules regarding crossing the centerline. He explained that he intended at that point only to state the issue which he would subsequently address by recharging the jury. Although the subject comments appear to be in the form of a statement, the record does support the judge's assertion that he was only reiterating the question in his comments. Even if the comments are considered as an affirmative recharge, however, there is no error.

The loss of consciousness defense may overrule the rules of the road as they apply to crossing the center of the road. "[A] sudden and unforeseeable loss of consciousness by a driver is a complete defense to a claim that the driver negligently lost control of [his] automobile and proximately caused an ensuing accident. [Cit.]"[6]

We do not find that the judge's remarks would have misled the jury to believe it had to find in favor of Hall. The charge as a whole clearly conveyed that the loss of consciousness defense applied only if the jury found the necessary factual predicate.

(c) Wall's remaining arguments regarding the judge's comments are not supported by the record. Wall's counsel stated at the motion for new trial hearing that after the jury came back with its question, he, the judge, and defense counsel went into the judge's chambers and discussed the matter. And the comments do not appear to suggest that both lawyers agreed with the proposition that the loss of consciousness defense overrules the rules of the road regarding crossing the centerline. But even if they were so perceived, no harm arises because such a statement would have been a correct statement of law when considered with the charge as a whole.

2. Wall asserts the court overemphasized the loss of consciousness instruction by rereading it in response to the jury's initial question when the jury had not specifically asked for the instruction to be reread. As noted, the judge had discretion to reread the charge. And, before doing so, the judge adequately cautioned the jury that it must consider the totality of the law as given in the charge.

3. Wall claims the court erred in reading the loss of consciousness instruction for a third time after one juror had asked the court to do so. "Responding to a jury's request to restate portions of the

---

[5] (Citations and punctuation omitted.) *Herrin*, supra.
[6] *Lewis v. Smith*, 238 Ga. App. 6, 7 (517 SE2d 538) (1999); see also *Waits v. Makowski*, supra; *Freeman v. Martin*, supra.

charge is generally required of the trial judge, [cit.], and it is within the court's discretion to recharge only that which is specifically requested. [Cit.]"[7] With respect to this final reading of the instruction, the court cautioned the jury both that the rereading was not intended to emphasize the instruction and that the jury must consider the totality of law and fact. We find no error.

4. In her final enumeration of error, Wall asserts that the court erred in failing to grant her motion for mistrial. This issue does not appear to have been preserved for appellate review as the record does not reflect a definite and final ruling on Wall's motion for mistrial.[8] Because Wall's motion for mistrial raised the same issues raised in her first three enumerations of error to this court, upon which we have found no error, we find that the trial court would not have erred in denying the motion.

For these reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 18, 2000.

*John W. Greer III*, for appellant.
*Downey & Cleveland, William C. Anderson*, for appellee.

---

[7] *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986).

[8] See *Jones v. State*, 240 Ga. App. 723, 724-725 (3) (524 SE2d 773) (1999).