A00A0080. McELROY v. THE STATE.
(536 SE2d 188)

PHIPPS, Judge.

Timothy McElroy appeals his conviction of aggravated assault. He asserts that the trial court erred in its response to a jury question and in its failure to grant him a new trial based upon ineffective assistance of counsel. We find that the trial court did not err in either respect and affirm McElroy's conviction.

The charges against McElroy stemmed from his attack upon

---

[9] See *Clark v. Ingram*, 150 Ga. App. 127, 129 (3) (257 SE2d 33) (1979) (clerical errors do not involve matters of substance).

Debra McBride. McElroy and McBride were romantically involved, and he lived with McBride and her children. McBride told McElroy that she wanted him "to get out." At about midnight on August 6, 1995, McElroy approached McBride in the front yard of her home, threw her to the ground, hit her in the face at least twice with a beer bottle, punched her in the face repeatedly and, according to McBride, stabbed her in the face with the beer bottle, which had broken after he first hit her with it.

A doctor at a local hospital emergency room testified that he treated McBride for superficial lacerations to her face, a more severe laceration to her arm and swelling around both eyes. He asked McBride to return to the hospital the next day for a CT scan. McBride testified that she was diagnosed with shattered bones in her face, that she underwent surgery to replace the damaged bones with plastic and that she lost most of the feeling in her face as a result of her injuries.

McElroy was indicted for aggravated assault, criminal trespass and battery. The State nolle prossed the criminal trespass charge. The court charged the jury on battery as a lesser included offense of aggravated assault and simple battery as a lesser included offense of battery. The jury convicted McElroy of aggravated assault and battery. The counts were merged by law, and the court sentenced McElroy on aggravated assault.

1. During its deliberations, the jury sent a note to the judge asking, "Can we convict of assault on account [sic] # 1 as opposed to aggravated assault?" The judge wrote "No" on the note and returned it to the jury.

McElroy argues that the judge's response may have misled the jury to believe that it could not convict on any lesser included offense of aggravated assault, including battery. He asserts that the possibility of confusion was compounded by the lack of a special verdict form and that the court should have reread its original instructions to the jury regarding the possible verdicts which it might render.[1]

(a) "As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. [Cit.]"[2] "When the jury requests more instructions upon a particular phase of the case, the trial court is under a duty to instruct them in a plain, clear manner so as to enlighten rather than confuse

---

[1] McElroy did not request a jury instruction on simple assault as a lesser included offense of aggravated assault, and he does not claim on appeal that the court should have responded to the jury's question by instructing on simple assault as a lesser included offense.

[2] (Punctuation omitted.) *Cloyd v. State*, 237 Ga. App. 608, 610 (3) (516 SE2d 103) (1999).

them. [Cit.]"[3] The court may respond to a jury's question by repeating charges which are legally sufficient and not misleading.[4] But it is not necessarily error for the court to respond with a direct answer.[5] The critical issue is whether the charge taken as a whole presents the issues in a way not likely to confuse a jury of average intelligence.[6]

Here, it does not appear that the judge's response to the jury's question was likely to lead to confusion when the response is considered in light of the charge as a whole. The court clearly instructed the jury that it could convict on battery as a lesser included offense of aggravated assault. Its response to the question could not logically be taken as an instruction that the jury not consider *any* lesser included offense as an alternative to conviction for aggravated assault; instead, it must be taken as a directive that the jury was authorized to consider *only* battery as a lesser included offense to aggravated assault.

(b) At trial, McElroy expressed no objection to the form of the verdict. Therefore, he waived his claim that a special verdict form should have been submitted to the jury.[7] Additionally, McElroy has cited no precedent which would have required the trial court to submit a special verdict form. A special verdict form may have reminded the jury of its alternatives, but we do not find that in its absence the jury was likely confused.

2. To prove ineffectiveness of counsel, McElroy must show that "(1) his attorney's representation in specified instances fell below 'an objective standard of reasonableness' and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cits.]"[8] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Cit.]"[9] "A reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order."[10]

(a) McElroy's first claim of ineffectiveness is that after telling him that "there was no evidence against him," his trial attorney later

---

[3] *Herrin v. State*, 229 Ga. App. 260, 262 (2) (493 SE2d 634) (1997).
[4] Id.
[5] See *Kimmel v. State*, 261 Ga. 332, 334-335 (3) (404 SE2d 436) (1991).
[6] See *Herrin*, supra.
[7] See *Wilkes v. State*, 210 Ga. App. 898, 899 (2) (437 SE2d 837) (1993).
[8] *Bowley v. State*, 261 Ga. 278, 280 (4) (404 SE2d 97) (1991).
[9] Id.
[10] (Citations and punctuation omitted.) *Ponder v. State*, 201 Ga. App. 388-389 (1) (411 SE2d 119) (1991).

informed him that the State had offered him a sentence of eight years, to serve four years, and became upset with him when he declined the offer.

At a hearing on McElroy's motion for new trial, his trial attorney testified that her initial impression of McElroy's trial prospects was that a jury might acquit him of aggravated assault or convict him of a lesser offense because a beer bottle is not per se a deadly weapon. However, she also testified that she later formed the opinion that acceptance of the plea offer would be in McElroy's best interests because if he were convicted of aggravated assault, the court might sentence him to the 20-year maximum, because of his criminal history and the severity of the injuries sustained by McBride. Counsel's opinion in that regard proved prophetic, as McElroy was convicted and sentenced to 20 years, to serve 12 years.

Counsel had a duty to inform McElroy of the State's plea offer.[11] Her advice to him was sound. Moreover, McElroy can show no prejudice, because he did not accept the offer.

(b) McElroy next argues that his trial counsel was ineffective by failing to challenge the jury array and failing to make a *Batson*[12] objection. He claims that his trial attorney stated in court that the jury was 86 percent white and 14 percent black.

At the motion for new trial hearing, McElroy's trial attorney testified that the petit jury was composed of two blacks and ten whites. She further testified that the State did not exclude any African-Americans with its peremptory strikes.

To successfully challenge a jury array based on racial composition, purposeful discrimination must be shown.[13] That burden is not carried "by evidence that a single jury panel contained a disproportionately small percentage of African-Americans compared to the population at large."[14] McElroy has presented no evidence of the racial composition of Houston County, where he was tried. But, assuming that his jury panel was underrepresentative of blacks, he has not established that his trial attorney could have challenged the jury array successfully. Moreover, McElroy has failed to point to any evidence that his lawyer should have made a *Batson* challenge.

(c) In his final claim of ineffectiveness, McElroy asserts that his trial counsel was generally "thrown off" by objections from the State. The only instance to which McElroy refers is an attempt by his lawyer to impeach a police officer with his report. McElroy does not include a citation to the trial transcript for this matter. And, at the

---

[11] See *Larochelle v. State*, 219 Ga. App. 792, 795 (3) (466 SE2d 672) (1996).

[12] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[13] See *Jewell v. State*, 261 Ga. 861, 862-863 (3) (413 SE2d 201) (1992).

[14] *Pryor v. State*, 231 Ga. App. 136, 137 (1) (497 SE2d 805) (1998).

hearing on his motion for new trial, he conceded that the transcript contains no objection from the State regarding defense counsel's attempt to impeach with a police report. McElroy maintained that the objection was inexplicably absent from the transcript. On the other hand, his trial lawyer testified that she was able to use the report at trial to the extent she thought was best. With no evidence to contradict the attorney's testimony, we find that McElroy has not carried his burden of showing that he was prejudiced by a failure of his trial counsel to respond adequately to objections posed by the State.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 20, 1999.

*L. Elizabeth Lane*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Lambert, Assistant District Attorney,* for appellee.