A02A1315. HOLLOMAN v. THE STATE.
(571 SE2d 486)

MILLER, Judge.

James Herbert Holloman was charged with two DUI counts — a "less safe" charge and a per se charge. Before trial, the State nolle prossed the per se charge, although it is unclear from the record whether the State redacted the per se charge from the accusation given to the jury for deliberations. Holloman was convicted on the "less safe" DUI charge and appeals, arguing that the court erred by refusing to answer a question posed by the jury that may have pertained to a per se charge. We discern no error and affirm.

In February 2001 at a roadblock, Holloman performed poorly on field sobriety tests and tested at 0.09 grams for alcohol concentration level. He was charged with one count of driving under the influence to the extent it was less safe for him to drive (OCGA § 40-6-391 (a) (1)) and with one per se count of driving with an alcohol concentration of 0.10 grams or more (OCGA § 40-6-391 (a) (5)). On July 1,

2001, the statutory alcohol concentration level for a per se violation under OCGA § 40-6-391 (a) (5) changed from 0.10 to 0.08 grams. Ga. L. 2001, pp. 208, 214, 229, §§ 1-5, 4-1. Before trial, the State nolle prossed the per se charge.

At trial the court charged the jury on the presumptions and inferences pertaining to a "less safe" charge. The court sent the accusation out with the jury, although it is unclear whether the accusation was redacted to remove the per se charge that had been nolle prossed. During deliberations the jury sent a question to the court that asked, "[A]t the time of the arrest was the limit .1 or .08?" The court determined that the question was asking what the per se limit under OCGA § 40-6-391 (a) (5) was at the time of the arrest, which was irrelevant to the jury's deliberations since the per se charge had been dropped. The court concluded that it would confuse the jury to respond directly to the question and that therefore it would simply recharge the jury on the entire law applicable to the "less safe" charge.

The court called the jury in and, repeating the jury's question, stated:

> In response to that question I think what I'm going to do is I'm going to recharge you on the law on DUIs. The law as I read to you is the law that you are to apply in this case. Any other laws that you may think you know or you may think you have heard of before, do not apply that. Apply the law that I am charging you now. This is the applicable law that was in effect at the time of the arrest and that you should apply.

The court then recharged the jury on the presumptions and inferences pertaining to the "less safe" charge. Following the recharge, the court asked whether the jury had any other questions concerning the applicable law, to which the jury foreman responded, "No." Ten more minutes of deliberations resulted in a guilty verdict.

Holloman argues on appeal that the court erred "in failing to address the question asked by the jury while deliberating the outcome of the case." He contends that by failing to give the jury an explanation for its refusal to answer their question, the court confused the jury.

This argument fails for at least two reasons. First, the court did respond to the inquiry, specifically citing the question and telling the jury that the only law applicable to the case was the law being charged again and not any other laws that the jury may have heard of before. Second, the court was quite correct in refusing to identify what the per se limit was at the time of the arrest, as Holloman was

not charged with a per se violation. The court may properly refuse to instruct the jury on matters not relevant to the issues on trial. *Shoup v. Elliott*, 192 Ga. 858, 859, hn. 5 (16 SE2d 857) (1941). Indeed, the court should enlighten rather than confuse the jury in responding to questions. *Wall v. Hall*, 244 Ga. App. 61, 63 (1) (a) (534 SE2d 828) (2000). Thus, refusing to answer jury questions requesting irrelevant information is entirely proper. *Cohen v. State*, 257 Ga. 544, 546-547 (3) (361 SE2d 373) (1987). Instead, "[t]he court may respond to a jury's question by repeating charges which are legally sufficient and not misleading." (Footnote omitted.) *McElroy v. State*, 244 Ga. App. 500, 502 (1) (a) (536 SE2d 188) (2000). Although we would have preferred that the court had told the jury that the per se charge (which may not have been redacted from the accusation) was nolle prossed and no longer before the jury, we hold that the court here did not abuse its discretion by responding as it did and repeating the instructions pertinent to the "less safe" charge. See id. at 501 (1) (a) ("As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court.") (citation, punctuation and footnote omitted).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 19, 2002.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.

*Keith C. Martin, Solicitor-General, Evelyn Proctor, Assistant Solicitor-General*, for appellee.