### A03A0395. WILLIAMS v. THE STATE.
(581 SE2d 301)

JOHNSON, Presiding Judge.

Dwight Williams was indicted for attempted rape. He pled not guilty to the charge and was tried before a jury. The jury acquitted Williams of attempted rape, but found him guilty of the lesser included offenses of sexual battery, simple battery, and simple assault. The trial court ruled that the simple battery and simple assault offenses merged with the sexual battery offense and sentenced Williams to serve six months in jail, followed by six months on probation. Williams appeals, challenging the trial judge's response to a jury question. The challenge is without merit, and we therefore affirm his conviction.

At trial, an 18-year-old woman testified that she worked on weekends as a nursing assistant at Crawford Long Hospital in Atlanta. She took a cab to work, and Williams became the woman's regular cab driver. At 5:00 a.m., on April 28, 2001, Williams picked the woman up to take her to work. She fell asleep in the back seat of the cab and awoke to find the cab parked and Williams on top of her with his penis exposed. He tried to pull her pants down, put his hands inside her shirt and on her breasts, and put his fingers into her vagina. The woman screamed, tried to pull her pants up, and kicked and punched Williams. He told her that she knew she wanted it. She continued struggling and said she would have him arrested if he did not stop. Williams then stopped and drove the woman to work. The woman later reported the incident to the police and to Williams' cab company.

Williams testified that he and the woman had developed a friendly relationship during the time that he had been her regular cab driver. He claimed that the incident in question was consensual. He testified that the woman had gotten in the front seat of his cab, and he had asked her for a hug. She hugged him, he began to rub her back and breasts, and she did not resist. He then drove to a more private place where they resumed hugging. He touched her vagina and pulled her on top of him, and she had his penis in her hand. When he told her he had a condom, the woman stopped letting him touch her

vagina. He tried to talk her into having sex, but she refused and told him to get his hands off of her. Williams said he then stopped touching the woman and drove her to work. Later, after learning that the woman had filed a complaint against him, Williams went to the police to explain what had happened.

After all the evidence had closed, the trial judge instructed the jury on the applicable law. The jury then began deliberating and later sent the court this note: "If there is reasonable doubt about the bill of indictment (paragraph describing the acts accused performed), then does that make the defendant not guilty?" The attorneys for both the state and the defense agreed that the judge should respond to the question by recharging the jury on the presumption of innocence and the burden of proof.

The judge called the jurors back into the courtroom and read their question back to them. She then stated,

> I am assuming that this question refers to the indicted offense of criminal attempt to commit rape, and my response applies to that offense only. Well, let me clarify that. I'm going to recharge you as to the burden of proof. If you find that the state has not met its burden as to the offense of the indicted crime, that is, criminal attempt to commit rape, you may still consider the lesser-included offenses in this case.

The judge then recharged the jury that the defendant is presumed innocent, that the state must overcome that presumption by proving each element of the crime beyond a reasonable doubt, and that the burden of proof never shifts to the defendant. The court next fully recharged the jury on the meaning of reasonable doubt, and that if the state fails to prove guilt beyond a reasonable doubt then it is the jury's duty to find the defendant not guilty. Thereafter, the jury continued deliberating and eventually returned its verdict of not guilty on attempted rape, but guilty on the lesser included offenses.

Williams argues that the trial judge's statement to the jurors that her response to their question would apply only to the indicted offense misled the jury into believing that the state's burden of proof on the lesser included offenses was less than beyond a reasonable doubt. The argument is unpersuasive when the recharge is considered in the context of the entire jury charge.

> In determining whether the recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. Where a charge as a whole substan-

tially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.[1]

In the instant case, the judge clarified at the beginning of her recharge that she was going to charge the jurors again on the burden of proof and that if they found the state had not met its burden as to attempted rape, then they should consider the lesser included offenses. Nothing in the recharge informed the jury that the state's burden of proof was somehow different as to the lesser included offenses.

On the contrary, during the original jury charge, at Williams' request, the judge fully instructed the jury on sexual battery, simple battery, and simple assault as lesser included offenses of attempted rape. And the judge expressly told the jurors during the original charge that they could find Williams guilty of a lesser included offense only if they found him guilty beyond a reasonable doubt.

The trial court's charge and recharge, taken as a whole, accurately informed the jury that the state has the burden of proving guilt of the indicted offense or of the lesser included offenses beyond a reasonable doubt. Because the jury charge as a whole, including the recharge, was not misleading, we find no error.[2]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 13, 2003.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Ingrid D. Skidmore, Assistant District Attorneys*, for appellee.

---

[1] (Citations and punctuation omitted.) *Herrin v. State*, 229 Ga. App. 260, 262 (2) (493 SE2d 634) (1997).

[2] See *Grimes v. State*, 245 Ga. App. 277, 278 (1) (537 SE2d 720) (2000).